# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY NGUIEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 4:18-CV-1836 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | (Judge Brann) |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**OCTOBER 16, 2018**

## I. BACKGROUND

Anthony Nguien, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset), initiated this *pro se* action seeking relief under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. Accompanying the Complaint is an *in forma pauperis* application.

Nguien has completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. Service of the Complaint has not yet been ordered.

Named as sole Defendant is the Pennsylvania Department Corrections (DOC). Plaintiff indicates that he was incarcerated at SCI-Somerset during the

course of all events described in this complaint.

Nguien describes himself as having a "serious digestive disorder" which has resulted in significant "dietary restrictions." Doc. 1, p. 1. Plaintiff elaborates that he is severely allergic to tomatoes, legumes, soy, onions, potatoes, and dairy. His Complaint alleges that the Defendant failed to make reasonable accommodations for his disability. Specifically, Plaintiff states that while confined at SCI-Somerset he has been provided with a diet containing non-allergenic foods. As relief, Nguien seeks compensatory and punitive damages as well as declaratory and injunctive relief.

## II. DISCUSSION

The Rehabilitation Act ("RA") , 29 U.S.C. § 794 prohibits exclusion of a disabled person from a program that receives federal financial assistance solely by reason of his or her disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The regulations implementing the ADA define a "qualified individual with a disability" as:

> "An individual with a disability who, with or without reasonable modifications to rules, policies or practices, . . . meets the essential eligibility requirements for the . . .

> participation in programs or activities provided by a
> public entity."

28 C.F.R. § 35.104 (1993).

The ADA seeks "to assure even handed treatment and the opportunity for [disabled] individuals to participate in and benefit from programs [receiving financial assistance]. *Southeastern Community College v. Davis*, 442 U.S. 397 (1979). *P.C. v. McLaughlin*, 913 F.2d 1033, 1041 (2d Cir. 1990). The "evenhanded treatment" requirement does not, however, impose an affirmative obligation on public entities to expand existing programs but only that disabled individuals receive the same treatment as those who are not disabled. It has been recognized that the provisions of the ADA are applicable to prisoners confined in state correctional institutions. *See Pa. Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998).

Title 28 U.S.C. § 1391(b) provides that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which a defendant is subject to the court's personal

jurisdiction with respect to such action. brought.  Since the DOC's primary office is located within the confines of the Middle District of Pennsylvania, the Complaint may be properly brought in this district.

However, it is equally well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a).  The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

As noted above, Nguien asserts that the events giving rise to the filing of this action all occurred at SCI-Somerset which is located within both Somerset County, Pennsylvania and the confines of the United States District Court for the Western District of Pennsylvania.  *See* 28 U.S.C. § 118(c).

Based on the nature of Plaintiff's allegations, and the fact that Nguien is still confined at SCI-Somerset, it seems to me that the convenience of the parties and the interests of justice would be best served by transferring this matter to the Western District of Pennsylvania where the Plaintiff is incarcerated and the underlying events transpired.  This determination is bolstered by the fact that the duties of the DOC involve the operation of state correctional institutions

throughout the Commonwealth of Pennsylvania.

Consequently, this matter will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Disposition of Plaintiff's *in forma pauperis* application will be left to the transferee court.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge